JUDGE SWAIN

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 03/30/05

SWAIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

05 CV 3308

**SECURITIES AND EXCHANGE COMMISSION,**

**Plaintiff,**

**-against-**

**ANURADHA D. SAAD, RICHARD P. ADELSON, DAVID J. CAMMARATA, PETER TORRES, ROBERT MCKIE, KARIN GARDNER, and KENNETH JUGAN,**

**Defendants.**

**Civil Action No.**

#

RECEIVED
2005
LAURA TAYLOR SWAIN
U.S.D.J.

**FINAL CONSENT JUDGMENT AS TO DEFENDANT ROBERT MCKIE**

Plaintiff Securities and Exchange Commission ("Commission") having filed a complaint ("Complaint") charging that defendant Robert McKie ("McKie") violated Sections 10(b) and 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b) and 78m(b)(5)] and Rules 10b-5 and 13b2-1 [17 C.F.R. §§ 240.10b-5 and 240.13b2-1] and charging that McKie aided and abetted violations of Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2)(A) and 78m(b)(2)(B)], and Rules 12b-20, 13a-1 and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-13], and defendant McKie having executed the Consent of Defendant Robert McKie ("Consent") annexed hereto and incorporated herein, having waived service of the summons and Complaint, having waived the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, having admitted to the jurisdiction of this Court over him and over the subject matter of this action and, without admitting or denying the allegations contained in the Complaint,

except as to jurisdiction, which are admitted, and having consented to the entry of this Final Consent Judgment As To Defendant Robert McKie ("Final Judgment") without further notice:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that McKie and McKie's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that McKie and McKie's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly:

(a) knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record or account

described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)], in violation of Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)]; or

(b) falsifying, or causing to be falsified, any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)], in violation of Rule 13b2-1 [17 C.F.R. § 240.13b2-1].

**III.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that defendant McKie and McKie's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)], Rules 12b-20, 13a-1 or 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1 or 240.13a-13], by knowingly providing substantial assistance to an issuer that:

(a) fails to file with the Commission any report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)], and the rules and regulations promulgated thereunder; or

(b) files with the Commission a report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)] and the rules and regulations promulgated thereunder that (1) contains an untrue statement of material fact; (2) fails to include, in addition to the information required to be stated in such report, such further material information as may be necessary to make the required statements, in light of the circumstances under which they are

made, not misleading; or (3) fails to disclose any information required to be disclosed therein.

IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that McKie and McKie's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A),(B)], by knowingly providing substantial assistance to an issuer that:

(a) fails to make and keep books, records and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of an issuer; or

(b) fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that

(1) transactions are executed in accordance with management's general or specific authorization;

(2) transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles, or any other criteria applicable to such statements, and to maintain accountability for assets;

(3) access to assets is permitted only in accordance with management's general or specific authorization; and

(4) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences,

V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that McKie shall disgorge a total of $111,369.75, representing $100,000 in gains that McKie received as a result of the conduct alleged in the Complaint and prejudgment interest thereon of $11,369.75, and shall pay a civil penalty in the amount of $150,000 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 77u(d)]. McKie shall satisfy this obligation by paying to the Clerk of this Court: (a) $130,684.87 within ten business days of the entry of this Final Judgment; and (b) $130,684.87 within ninety calendar days of the entry of this Final Judgment, together with postjudgment interest on $130,684.87 in accordance with 28 U.S.C. § 1961. Both payments shall be accompanied by a cover letter identifying McKie as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. McKie shall simultaneously transmit photocopies of such payments and letters to the Commission's counsel in this action, George N. Stepaniuk, U.S. Securities and Exchange Commission, Northeast Regional Office, 233 Broadway, New York, New York 10279. The cover letters also shall contain the investigation name (*In The Matter of IMPATH Inc.*) and the case number assigned by the Commission staff (NY-7207). By making these payments, McKie relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to McKie.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS"). These funds, together with any interest and income earned

thereon (collectively, the "Fund"), shall be held by the CRIS until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, McKie shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action (as defined below) based on McKie's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of McKie's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, McKie shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private

damages action brought against McKie by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Rule 65(d) of the Federal Rules of Civil Procedure, this Final Judgment shall be binding upon defendant McKie, his agents, servants, employees and attorneys, and upon those persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise.

VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the provisions of the annexed Consent are incorporated in this Final Judgment with the same force and effect as if fully set forth herein, and that McKie shall comply with all of the undertakings and agreements set forth therein.

VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for all purposes, including, but not limited to, implementing and enforcing the terms and conditions of this Final Judgment.

IX.

There being no just reason for delay, the Clerk of this Court is hereby directed to enter this Final Judgment forthwith and without further notice pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

# CONSENT OF DEFENDANT ROBERT MCKIE

1. Defendant Robert McKie ("McKie"), being fully apprised of his rights, having had the opportunity to confer with legal counsel, having read and understood the terms of the annexed Final Consent Judgment As To Defendant Robert McKie ("Final Judgment"), appears and admits to the jurisdiction of this Court over him and over the subject matter of this action.

2. Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which McKie admits), McKie hereby consents to the entry of the Final Judgment, which, among other things:

   (a) permanently restrains and enjoins McKie from (i) violating Sections 10(b) and 13(b)(2) of the Exchange Act [15 U.S.C. § 78j(b) and 15 U.S.C. § 78m(b)(2)], Rules 10b-5 and 13b2-1 [17 C.F.R. § 240.10b-5 and 17 C.F.R. § 240.13b2-1]; and (ii) aiding and abetting violations of Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(a) and 15 U.S.C. § 78m(b)(2)(A),(B)], and Rules 12b-20, 13a-1 or 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1 or 240.13a-13];

   (b) orders McKie to pay disgorgement in the amount of $100,000, plus prejudgment interest thereon in the amount of $11,369.75; and

   (c) orders McKie to pay a civil penalty in the amount of $150,000 under Section 21(d)(3) of the Exchange Act [15 U.S.C. § 77u(d)].

3. McKie agrees that this Consent Of Defendant Robert McKie ("Consent") shall be incorporated by reference in and made part of the Final Judgment to be presented to the Court for signature, filing and entry contemporaneously herewith.

4. McKie waives any right he may have to appeal from the Final Judgment.

5. McKie acknowledges that any willful violation of any of the terms of the Final Judgment may place him in contempt of this Court and subject him to civil or criminal sanctions.

6. McKie acknowledges that he enters into this Consent voluntarily, and that this Consent and the Final Judgment embody the entire understanding between himself and the Commission. McKie acknowledges and agrees that this proceeding, and his Consent to the entry of the Final Judgment, are for the purposes of resolving this civil action only, and that no tender, offer, promise, threat or representation of any kind has been made by the Commission or any member, officer, attorney, agent or representative thereof with regard to: (a) any criminal liability arising from the facts underlying this action; or (b) immunity from any such criminal liability.

7. McKie acknowledges that he has been informed and understands that the Commission, at its sole and exclusive discretion, may refer, or grant access to, this matter or any information or evidence gathered in connection therewith or derived therefrom, to any person or entity having appropriate administrative, civil, or criminal jurisdiction, if the Commission has not already done so.

8. McKie acknowledges that, in conformity with the provisions of 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against McKie in this civil proceeding. Among other things, McKie waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.

9. McKie acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to

membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, McKie understands that he shall not be permitted to contest the factual allegations of the Complaint in this action.

10. McKie understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the Complaint or order for proceedings," 17 C.F.R. § 202.5(e). In compliance with this policy, McKie agrees: (a) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (b) that upon the filing of this Consent, McKie hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If McKie breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this provision affects defendant McKie's: (a) testimonial obligations; or (b) right to take legal or factual positions in defense of litigation or other legal proceedings in which the Commission is not a party.

11. McKie agrees that this Court shall retain jurisdiction of this matter for purposes of implementing and enforcing the terms and conditions of the Final Judgment and for all other purposes.

12. McKie hereby consents and agrees that the annexed Final Judgment may be presented by the Commission to the Court for signature and entry without further notice or delay.

13. McKie will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

14. McKie waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to defendant McKie of its terms and conditions. McKie agrees to execute and provide to the Commission a written declaration pursuant to 28 U.S.C. § 1746 acknowledging his receipt of the Final Judgment no later than ten (10) business days after a copy of the Final Judgment has been forwarded to defendant McKie's counsel, J. Kevin McCarthy, Wilmer Cutler Pickering Hale and Dorr LLP, 399 Park Avenue, New York, NY 10022.

15. McKie hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to pursue reimbursement of attorney's fees or other fees, expenses, or costs expended by McKie to defend against this action. For these purposes, McKie agrees that he is not the prevailing party in this action since the parties have reached a good faith settlement.

16. McKie waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

17. McKie acknowledges that the civil penalty paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, McKie shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action (as defined below) based on

McKie's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of McKie's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, McKie shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against McKie by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

18. McKie agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amount that McKie pays pursuant to the Final Judgment, regardless of whether such penalty amount or any part thereof is added to a distribution fund or otherwise used for the benefit of investors. McKie further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that McKie pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

Dated: March 24, 2005

______________________
Robert McKie

On this 24th day of March, 2005, before me personally appeared Robert McKie to me known to be the person who executed the foregoing Consent of Defendant Robert McKie.

______________________
Notary Public

State of MA
Commission No. ______
My commission expires on 7/22/05.

Approved as to form:

______________________
J. Kevin McCarthy
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, NY 10022
(212) 230-8801
Attorney for Defendant Robert McKie

**SO ORDERED:**

New York, New York
March 29, 2005

______________________
**UNITED STATES DISTRICT JUDGE**