UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

-against-

ANURADHA D. SAAD, RICHARD P. ADELSON, DAVID J. CAMMARATA, PETER TORRES, ROBERT MCKIE, KARIN GARDNER, and KENNETH JUGAN,

Defendants.

05 Civ. 3308 (JSR)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7-25-05

## AMENDED PARTIAL FINAL CONSENT JUDGMENT AS TO DAVID J. CAMMARATA

Plaintiff Securities and Exchange Commission ("Commission") having filed a complaint ("Complaint") charging defendant David J. Cammarata ("Cammarata") with violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] and Sections 10(b) and 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b) and 78m(b)(5)] and Rules 10b-5, 13b2-1 and 13b2-2 [17 C.F.R. §§ 240.10b-5, 240.13b2-1 and 240.13b2-2] promulgated thereunder; and charging that Cammarata is liable as a controlling person, pursuant to § 20(a) of the Exchange Act [15 U.S.C. § 78t(a)], for the violations by IMPATH Inc. of Sections 13(a), 13(b)(2) and 14(a) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2), 78n(a)] and Rules 12b-20, 13a-1, 13a-13, 14a-3 and 14a-9 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-13, 240.14a-3 and 240.14a-9]; and Cammarata, having executed the Consent of David J. Cammarata ("Consent"), annexed hereto and incorporated herein, having

acknowledged service of the summons and Complaint, having waived the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, having admitted to the jurisdiction of this Court over him and over the subject matter of this action and, without admitting or denying the allegations contained in the Complaint, except as to jurisdiction, which are admitted, and having consented to the entry of this Amended Partial Final Consent Judgment As To David J. Cammarata ("Partial Judgment") without further notice:

**I.**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Cammarata and Cammarata's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive notice of this Partial Judgment by personal service or otherwise are permanently enjoined and restrained from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(A) to employ any device, scheme, or artifice to defraud;

(B) to obtain money or property by means of any untrue statement of material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(C) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a purchaser.

II.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Cammarata and Cammarata's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive notice of this Partial Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b)] and Rule 10b-5 [17 C.F.R. §§ 240.10b-5] promulgated thereunder by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(A) to employ any device, scheme, or artifice to defraud;

(B) to make any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(C) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Cammarata and Cammarata's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive notice of this Partial Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)], Rules 13b2-1 and 13b2-2 [17 C.F.R. §§ 240.13b2-1 and 240.13b2-1] promulgated thereunder, by:

(A) knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record or account described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)];

(B) falsifying, or causing to be falsified, any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)]; or

(C) making, or causing to be made, a materially false or misleading statement, or omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading to an accountant in connection with (i) any audit or examination of the financial statements of an issuer or (ii) the preparation or filing by an issuer of any document or report required to be filed.

**IV.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Cammarata and Cammarata's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, controlling any person who violates Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)], Rules 12b-20, 13a-1 and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-13] promulgated thereunder, by knowingly providing substantial assistance to an issuer that:

(A) fails to file with the Commission any report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)], and the rules and regulations promulgated thereunder; or

(B) files with the Commission a report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)] and the rules and regulations promulgated thereunder that (1) contains an untrue statement of material fact; (2) fails to include, in addition to the information required to be stated in such report, such further material information as may be necessary to make the required statements, in light of the circumstances under which they are made, not misleading; or (3) fails to disclose any information required to be disclosed therein,

unless Cammarata acts in good faith and does not directly or indirectly induce the act or acts constituting the violation.

**V.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Cammarata and Cammarata's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, controlling any person who violates Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)], by knowingly providing substantial assistance to an issuer that:

(A) fails to make and keep books, records and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of an issuer; or

(B) fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that

(1) transactions are executed in accordance with management's general or specific authorization;

(2) transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles, or any other criteria applicable to such statements, and to maintain accountability for assets;

(3) access to assets is permitted only in accordance with management's general or specific authorization; and

(4) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences,

unless Cammarata acts in good faith and does not directly or indirectly induce the act or acts constituting the violation.

**VI.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Cammarata and Cammarata's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, controlling any person who violates Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a)] and Rules 14a-3 and 14a-9 [17 C.F.R. §§ 240.14a-3 and 240.14a-9] thereunder, by using the means or instrumentalities of interstate commerce or of the mails, or of the facilities of a national securities exchange or otherwise, to solicit or permit the use of its name to solicit proxies,

consents or authorizations in respect of non-exempt securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l]:

(A) while failing to furnish each person solicited, concurrently or previously, with a written proxy statement containing the information specified in Schedule 14A [17 C.F.R. § 14a-101] or with a written proxy statement included in a registration statement filed under the Securities Act on Form S-4 [17 C.F.R. § 239.25] and containing the information specified in such Form; and

(B) by means of a proxy statement, form of proxy statement, form of proxy, notice of meeting and other communications that contained statements which, at the time and in light of the circumstances under which they were made, were false and misleading with respect to material facts, or which omitted to state material facts necessary in order to make the statements therein not false or misleading or necessary to correct statements in earlier communications with respect to the solicitation of a proxy for the same meeting or subject matter which was false or misleading,

unless Cammarata acts in good faith and does not directly or indirectly induce the act or acts constituting the violation.

VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Cammarata shall disgorge the ill-gotten gains he obtained as a result of the conduct alleged in the complaint, if any, in an amount to be determined by the Court upon motion of the Commission. Cammarata shall pay prejudgment interest on the amount of disgorgement ordered by the Court, if any, calculated in accordance with the rate of interest used by the Internal Revenue Service for

underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion to determine the amount of disgorgement and prejudgment interest to be paid by Cammarata: (a) the issues will be limited to determining the amount of ill-gotten gains, if any, to be disgorged and calculating the amount of prejudgment interest in accordance with 26 U.S.C. § 6621(a)(2); (b) Cammarata will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (c) Cammarata may not challenge the validity of the Consent or this Partial Judgment; (d) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (e) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.

**VIII.**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Cammarata shall pay civil penalties, if so ordered pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], in an amount to be determined by the Court upon motion of the Commission. In connection with the Commission's motion to determine the amount of civil penalties to be paid by Cammarata: (a) the issues will be limited to determining the amount of civil penalties, if any, that Cammarata shall be ordered to pay pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]; (b) Cammarata will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (c) Cammarata may not challenge the validity of the Consent or this Partial Judgment; (d) solely for the purposes of such

motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (e) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.

**IX.**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Cammarata shall pay the amounts, if any, ordered to be paid pursuant to paragraphs VII and VIII in the following manner and on the following terms and conditions:

A. Within the time directed by the Court, Cammarata shall pay the total amount of the disgorgement, prejudgment interest and civil penalties, if any, ordered by the Court to the Clerk of the Court at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007, together with a cover letter to the Commission's counsel in this action (David Stoelting, U.S. Securities and Exchange Commission, Three World Financial Center, Room 4300, New York, NY 10281). By making this payment, Cammarata relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. Cammarata shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961;

B. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS"). These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held by the CRIS until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of

this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States; and

C. The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Cammarata shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Cammarata' payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Cammarata' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Cammarata shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Cammarata by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

X.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Cammarata is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

XI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Rule 65(d) of the Federal Rules of Civil Procedure, this Partial Judgment shall be binding upon Cammarata, his agents, servants, employees and attorneys, and upon those persons in active concert or participation with him who receive notice of this Partial Judgment by personal service or otherwise.

XII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the provisions of the annexed Consent be, and the same hereby are, incorporated in this Partial Judgment with the same force and effect as if fully set forth herein.

XIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for all purposes, including, but not limited to, implementing and enforcing the terms and conditions of this Partial Judgment, and that the entry of this Partial Judgment shall not affect the discovery obligations of Cammarata or any other party pursuant to this Court's Orders and the Federal Rules of Civil Procedure.

XIV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, there being no just reason for delay, the Clerk of this Court is hereby directed to enter this Partial Judgment forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**CONSENT OF DAVID J. CAMMARATA**

1. David J. Cammarata ("Cammarata") acknowledges having been served with the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Cammarata and over the subject matter of this action.

2. Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which Cammarata admits), Cammarata hereby consents to the entry of the attached Amended Partial Final Consent Judgment As To David J. Cammarata (the "Partial Judgment") and incorporated by reference herein, which, among other things:

(a) permanently restrains and enjoins Cammarata from violations of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] and Sections 10(b) and 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b) and 78m(b)(5)] and Rules 10b-5, 13b2-1 and 13b2-2 [17 C.F.R. §§ 240.10b-5, 240.13b2-1 and 240.13b2-2]; and from controlling any person who violates Sections 13(a), 13(b)(2) and 14(a) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2), 78n(a)] and Rules 12b-20, 13a-1, 13a-13, 14a-3 and 14a-9 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-13, 240.14a-3 and 240.14a-9]; and

(b) orders Cammarata to pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], which amounts shall be determined by the Court upon motion of the Commission.

3. Cammarata acknowledges that any civil penalty paid pursuant to the Partial Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Cammarata agrees that he shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Cammarata's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Cammarata's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Cammarata agrees that he shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Cammarata by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

4. Cammarata agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Cammarata pays pursuant to the Partial Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Cammarata further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard

to any federal, state, or local tax for any penalty amounts that Cammarata pays pursuant to the Partial Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5. Cammarata agrees that the Court shall order disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Cammarata further agrees that the amounts of the disgorgement and civil penalty shall be determined by the Court upon motion of the Commission, and that prejudgment interest shall be calculated from January 1, 2000, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Cammarata further agrees that in connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Cammarata will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Cammarata may not challenge the validity of this Consent or the Partial Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.

6. Cammarata waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

7. Cammarata waives the right, if any, to a jury trial and to appeal from the entry of the Partial Judgment.

8. Cammarata enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Cammarata to enter into this Consent.

9. Cammarata agrees that this Consent shall be incorporated into the Partial Judgment with the same force and effect as if fully set forth therein.

10. Cammarata will not oppose the enforcement of the Partial Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

11. Cammarata waives service of the Partial Judgment and agrees that entry of the Partial Judgment by the Court and filing with the Clerk of the Court will constitute notice to Cammarata of its terms and conditions. Cammarata further agrees to provide counsel for the Commission, within thirty days after the Partial Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Cammarata has received and read a copy of the Partial Judgment.

12. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Cammarata in this civil proceeding. Cammarata acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Cammarata waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Cammarata further acknowledges that the Court's entry of a permanent injunction may have collateral consequences

under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Cammarata understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

13. Cammarata understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Cammarata agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Cammarata hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Cammarata breaches this agreement, the Commission may petition the Court to vacate the Partial Judgment and restore this action to its active docket. Nothing in this paragraph affects Cammarata's: testimonial obligations; or right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

14. Cammarata hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees,

expenses, or costs expended by Cammarata to defend against this action. For these purposes, Cammarata agrees that Cammarata is not the prevailing party in this action since the parties have reached a good faith settlement.

15. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Cammarata (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Cammarata's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Cammarata's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Cammarata in any United States District Court for purposes of enforcing any such subpoena.

16. Cammarata agrees that the Commission may present the Partial Judgment to the Court for signature and entry without further notice.

17. Cammarata agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Partial Judgment.

Dated: July 11, 2005

David J. Cammarata

On July 11th, 2005, David J. Cammarata, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

Maria M. Sandberg
Notary Public
Commission expires: MARIA M. SANDBERG A NOTARY PUBLIC OF NEW JERSEY MY COMMISSION EXPIRES 7/7/2008

Approved as to form:

Maria T. Galeno
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, NY 10036
Attorney for David J. Cammarata

Dated: 7/12/05

UNITED STATES DISTRICT JUDGE
7-22-05