UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-31-06
```

SECURITIES AND EXCHANGE COMMISSION,

                  **Plaintiff,**

         -against-

ANURADHA D. SAAD, RICHARD P. ADELSON,
DAVID J. CAMMARATA, PETER TORRES,
ROBERT MCKIE, KARIN GARDNER,
and KENNETH JUGAN,

                  **Defendants.**

05 Civ. 3308 (JSR)

## FINAL CONSENT JUDGMENT
## AS TO DEFENDANT RICHARD P. ADELSON

Plaintiff Securities and Exchange Commission ("Commission") having filed a complaint ("Complaint") charging that defendant Richard P. Adelson ("Adelson") violated Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Sections 10(b) and 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b) and 78m(b)(5)] and Exchange Act Rules 10b-5, 13b2-1 and 13b2-2 [17 C.F.R. §§ 240.10b-5, 240.13b2-1 and 240.13b2-2], and charging that Adelson is liable as a controlling person, pursuant to Section 20(a) of the Exchange Act [15 U.S.C. § 78t(a)], for the violations by IMPATH Inc. of Sections 13(a), 13(b)(2) and 14(a) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2), 78n(a)] and Rules 12b-20, 13a-1, 13a-13, 14a-3 and 14a-9 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-13, 240.14a-3 and 240.14a-9]; and plaintiff Commission, having withdrawn its requests for disgorgement, with prejudgment interest, and civil penalties against defendant Adelson in view of the Judgment in *United States v. Richard P. Adelson*, 05 CR 325 (S.D.N.Y.) (JSR), which

sentenced Adelson to 42 months imprisonment and ordered restitution from Adelson of $50,000,000 and forfeiture of $1.2 million; and defendant Adelson having executed the Consent of Defendant Richard P. Adelson ("Consent") annexed hereto and incorporated herein, having been duly served with the summons and Complaint, having waived the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, having admitted to the jurisdiction of this Court over him and over the subject matter of this action, having consented to the entry, without further notice, of this Partial Final Consent Judgment As To Defendant Richard P. Adelson ("Judgment") without admitting or denying the allegations of the Complaint, except as to jurisdiction, which are admitted, and having waived any right to appeal from this Judgment:

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Adelson and Adelson's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive notice of this Judgment by personal service or otherwise are permanently enjoined and restrained from directly or indirectly violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] by using any means or instruments of transportation or communication in interstate commerce or by using the mails, in the offer or sale of any security:

 (A) to employ any device, scheme, or artifice to defraud;

 (B) to obtain money or property by means of any untrue statement of material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(C)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a purchaser.

## II.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Adelson and Adelson's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from directly or indirectly violating, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or the mails, or any facility of any national securities exchange, in connection with the purchase or sale of any security:

(A)  to employ any device, scheme, or artifice to defraud;

(B)  to make any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(C)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Adelson and Adelson's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from directly or indirectly violating Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)], Rules 13b2-1 and 13b2-2 [17 C.F.R. §§ 240.13b2-1 and 240.13b2-1] promulgated thereunder, by:

(A) knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record or account described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)];

(B) falsifying, or causing to be falsified, any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)]; or

(C) making, or causing to be made, a materially false or misleading statement, or omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading to an accountant in connection with (i) any audit or examination of the financial statements of an issuer or (ii) the preparation or filing by an issuer of any document or report required to be filed.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Adelson and Adelson's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from directly or indirectly controlling any person who violates Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)], Rules 12b-20, 13a-1 and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-13] promulgated thereunder, by:

(A) failing to file with the Commission any report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)], and the rules and regulations promulgated thereunder; or

(B) filing with the Commission a report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)] and the rules

4

      and regulations promulgated thereunder that (1) contains an untrue statement of material fact; (2) fails to include, in addition to the information required to be stated in such report, such further material information as may be necessary to make the required statements, in light of the circumstances under which they are made, not misleading; or (3) fails to disclose any information required to be disclosed therein,

unless Adelson acts in good faith and does not directly or indirectly induce the act or acts constituting the violation.

### V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Adelson and Adelson's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from directly or indirectly controlling any person who violates Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a)] and Rules 14a-3 and 14a-9 [17 C.F.R. §§ 240.14a-3 and 240.14a-9] thereunder, by using the means or instrumentalities of interstate commerce or of the mails, or of the facilities of a national securities exchange or otherwise, to solicit or permit the use of its name to solicit proxies, consents or authorizations in respect of non-exempt securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l]:

    (A)    while failing to furnish each person solicited, concurrently or previously, with a written proxy statement containing the information specified in Schedule 14A [17 C.F.R. § 14a-101] or with a written proxy statement included in a registration

     statement filed under the Securities Act on Form S-4 [17 C.F.R. § 239.25] and containing the information specified in such Form; and

(B)   by means of a proxy statement, form of proxy statement, form of proxy, notice of meeting and other communications that contained statements which, at the time and in light of the circumstances under which they were made, were false and misleading with respect to material facts, or which omitted to state material facts necessary in order to make the statements therein not false or misleading or necessary to correct statements in earlier communications with respect to the solicitation of a proxy for the same meeting or subject matter which was false or misleading,

unless Adelson acts in good faith and does not directly or indirectly induce the act or acts constituting the violation.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Adelson is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the provisions of set forth herein, and that Adelson shall comply with all of the undertakings and agreements set forth therein.

## VIII.

set forth herein, and that Adelson shall comply with all of the undertakings and agreements set forth therein.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for all purposes, including, but not limited to, implementing and enforcing the terms and conditions of this Judgment.

## IX.

There being no just reason for delay, the Clerk of this Court is hereby directed to enter this Judgment forthwith and without further notice pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

## CONSENT OF DEFENDANT RICHARD P. ADELSON

1.      Defendant Richard P. Adelson ("Adelson"), being fully apprised of his rights, having had the opportunity to confer with legal counsel and having read and understood the terms of the annexed Partial Final Consent Judgment As To Defendant Richard P. Adelson ("Judgment"), acknowledges having been served with a summons and the complaint, enters a general appearance and admits to the jurisdiction of this Court over him and over the subject matter of this action.

2.      Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which Adelson admits), Adelson hereby consents to the entry of the Judgment, which, among other things:

>   (a)     permanently restrains and enjoins Adelson from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] and Sections 10(b) and 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b) and 78m(b)(5)] and Exchange Act Rules 10b-5, 13b2-1 and 13b2-2 [17 C.F.R. §§ 240.10b-5, 240.13b2-1 and 240.13b2-2]; and from controlling any person who violates Sections 13(a), 13(b)(2) and 14(a) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2), 78n(a)] and Rules 12b-20, 13a-1, 13a-13, 14a-3 and 14a-9 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-13, 240.14a-3 and 240.14a-9]; and
>
>   (b)     prohibits Adelson from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

3. Adelson agrees that this Consent Of Defendant Richard P. Adelson ("Consent") shall be incorporated by reference in and made part of the Judgment to be presented to the Court for signature, filing and entry contemporaneously herewith.

4. Adelson waives any right he may have to a jury trial in this action and to appeal from the Judgment.

5. Adelson acknowledges that a violation of any of the terms of the Judgment may place him in contempt of this Court and subject him to civil or criminal sanctions.

6. Adelson acknowledges that he enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements have been made by the Commission or any member, officer, employee, agent or representative of the Commission to induce Adelson to enter into this consent.

7. Adelson acknowledges that he has been informed and understands that the Commission, at its sole and exclusive discretion, may refer, or grant access to, this matter or any information or evidence gathered in connection therewith or derived therefrom, to any person or entity having appropriate administrative, civil, or criminal jurisdiction, if the Commission has not already done so.

8. Adelson acknowledges that, in conformity with the provisions of 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Adelson in this civil proceeding. Adelson acknowledges and agrees that his Consent to the entry of the Judgment is for the purposes of resolving this civil action only, and that no tender, offer, promise, threat or representation of any kind has been made by the Commission or any member, officer, attorney, agent or representative thereof with regard to any criminal liability arising from the facts underlying this action or immunity from any such criminal liability. Adelson waives any claim

9

of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy herein.

9. Adelson acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Adelson understands that he shall not be permitted to contest the factual allegations of the Complaint in this action.

10. Adelson understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the Complaint or order for proceedings," 17 C.F.R. § 202.5. In compliance with this policy, Adelson agrees: (a) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (b) that upon the filing of this Consent, Adelson hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If Adelson breaches this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket. Nothing in this provision affects defendant Adelson's: (a) testimonial obligations; or (b) right to take legal or factual positions in defense of litigation or other legal proceedings in which the Commission is not a party.

11.  Adelson agrees that this Court shall retain jurisdiction of this matter for purposes of implementing and enforcing the terms and conditions of the Judgment and for all other purposes.

12.  Adelson hereby consents and agrees that the annexed Judgment may be presented by the Commission to the Court for signature and entry without further notice or delay.

13.  Adelson will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

14.  Adelson waives service of the Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to defendant Adelson of its terms and conditions. Adelson agrees to execute and provide to the Commission a written declaration pursuant to 28 U.S.C. § 1746 acknowledging his receipt of the Judgment no later than ten (10) business days after a copy of the Judgment has been forwarded to defendant Adelson's counsel, Mark Arisohn, Labaton Sucharow & Rudoff LLP, 100 Park Avenue, New York, NY 10017.

15.  Adelson hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or from any agency or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Adelson to defend against this action. For these purposes, Adelson agrees that he is not the prevailing party in this action since the parties have reached a good faith settlement.

16. Adelson waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

Dated: June 6, 2006

_____
Richard P. Adelson

On this 6th day of June, 2006, before me personally appeared Richard P. Adelson to me known to be the person who executed the foregoing Consent of Defendant Richard P. Adelson.

_____
Notary Public

State of New York
Commission No. 4512713
My commission expires on Feb. 28, 2008

MARK S. ARISOHN
Notary Public, State of New York
No. 4512713
Qualified in Westchester County
Commission Expires February 28, 20 08

Approved as to form:

_____
Mark Arisohn
Labaton Sucharow & Rudoff LLP
100 Park Avenue
New York, NY 10017
(212) 907-0840
Attorney for Defendant Richard P. Adelson

**SO ORDERED:**

New York, New York
7/28, 2006

_____
UNITED STATES DISTRICT JUDGE

12