```
                                              ┌──────────────────────────────┐
                                              │ USDC SDNY                    │
                                              │ DOCUMENT                     │
UNITED STATES DISTRICT COURT                  │ ELECTRONICALLY FILED         │
SOUTHERN DISTRICT OF NEW YORK                 │ DOC #:                       │
                                              │ DATE FILED: 7-31-06          │
                                              └──────────────────────────────┘
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SECURITIES AND EXCHANGE COMMISSION,            :
                                               :
                              **Plaintiff,**    :
                                               :
            **-against-**                       : **05 Civ. 3308 (JSR)**
                                               :
**ANURADHA D. SAAD, et al.,**                   :
                                               :
                              **Defendants.**   :
                                               :

## FINAL CONSENT JUDGMENT AS TO DEFENDANT ANURADHA D. SAAD

Plaintiff Securities and Exchange Commission ("Commission") having filed a complaint

("Complaint") charging that defendant Anuradha D. Saad ("Saad") violated Section 17(a) of the

Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Sections 10(b) and 13(b)(5) of

the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b) and 78m(b)(5)] and

Exchange Act Rules 10b-5, 13a-14, 13b2-1 and 13b2-2 [17 C.F.R. §§ 240.10b-5, 240.13a-14,

240.13b2-1 and 240.13b2-2], and charging that Saad is liable as a controlling person, pursuant to

Section 20(a) of the Exchange Act [15 U.S.C. § 78t(a)], for the violations by IMPATH Inc. of

Sections 13(a), 13(b)(2) and 14(a) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2),

78n(a)] and Rules 12b-20, 13a-1, 13a-13, 14a-3 and 14a-9 [17 C.F.R. §§ 240.12b-20, 240.13a-1,

240.13a-13, 240.14a-3 and 240.14a-9]; and defendant Saad having executed the Consent of

Defendant Anuradha D. Saad ("Consent") annexed hereto and incorporated herein, having been

duly served with the summons and Complaint, having waived the entry of findings of fact and

conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, having admitted

to the jurisdiction of this Court over her and over the subject matter of this action, having

consented to the entry, without further notice, of this Final Consent Judgment As To Defendant Anuradha D. Saad ("Final Judgment") without admitting or denying the allegations of the Complaint, except as to jurisdiction, which are admitted, and having waived any right to appeal from this Final Judgment:

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Saad and Saad's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive notice of this Final Judgment by personal service or otherwise are permanently enjoined and restrained from directly or indirectly violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] by using any means or instruments of transportation or communication in interstate commerce or by using the mails, in the offer or sale of any security:

(A)     to employ any device, scheme, or artifice to defraud;

(B)     to obtain money or property by means of any untrue statement of material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(C)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a purchaser.

## II.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Saad and Saad's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from directly or indirectly violating, Section 10(b) of the Exchange Act

2

[15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or the mails, or any facility of any national securities exchange, in connection with the purchase or sale of any security:

(A)    to employ any device, scheme, or artifice to defraud;

(B)    to make any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(C)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Saad and Saad's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from directly or indirectly violating Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)], Rules 13b2-1 and 13b2-2 [17 C.F.R. §§ 240.13b2-1 and 240.13b2-1] promulgated thereunder, by:

(A)    knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record or account described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)];

(B)    falsifying, or causing to be falsified, any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)]; or

necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading to an accountant in connection with (i) any audit or examination of the financial statements of an issuer or (ii) the

necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading to an accountant in connection with (i) any audit or examination of the financial statements of an issuer or (ii) the preparation or filing by an issuer of any document or report required to be filed.

### IV.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Saad and Saad's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from directly or indirectly violating Exchange Act Rule 13a-14 [17 C.F.R. § 240.13a-14], by filing a report under Section 13(a) of the Exchange Act that does not include a certification containing the information required by Exchange Act Rule 13a-14 and set forth in the applicable exhibit filing requirements of such report.

### V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Saad and Saad's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from directly or indirectly controlling any person who violates Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)], Rules 12b-20, 13a-1 and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-13] promulgated thereunder, by:

(A)     failing to file with the Commission any report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)], and the rules and regulations promulgated thereunder; or

(B)     filing with the Commission a report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)] and the rules and regulations promulgated thereunder that (1) contains an untrue statement of material fact; (2) fails to include, in addition to the information required to be stated in such report, such further material information as may be necessary to make the required statements, in light of the circumstances under which they are made, not misleading; or (3) fails to disclose any information required to be disclosed therein,

unless Saad acts in good faith and does not directly or indirectly induce the act or acts constituting the violation.

**VI.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Saad and Saad's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from directly or indirectly controlling any person who violates Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a)] and Rules 14a-3 and 14a-9 [17 C.F.R. §§ 240.14a-3 and 240.14a-9] thereunder, by using the means or instrumentalities of interstate commerce or of the mails, or of the facilities of a national securities exchange or otherwise, to solicit or permit the use of its name to solicit proxies, consents or authorizations in respect of non-exempt securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l]:

(A)     while failing to furnish each person solicited, concurrently or previously, with a written  proxy statement containing the information specified in Schedule 14A [17 C.F.R. § 14a-101] or with a written proxy statement included in a registration

5

statement filed under the Securities Act on Form S-4 [17 C.F.R. § 239.25] and
containing the information specified in such Form; and

(B)      by means of a proxy statement, form of proxy statement, form of proxy, notice of
meeting and other communications that contained statements which, at the time
and in light of the circumstances under which they were made, were false and
misleading with respect to material facts, or which omitted to state material facts
necessary in order to make the statements therein not false or misleading or
necessary to correct statements in earlier communications with respect to the
solicitation of a proxy for the same meeting or subject matter which was false or
misleading,

unless Saad acts in good faith and does not directly or indirectly induce the act or acts
constituting the violation.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Saad shall
disgorge a total of $2,055,047, representing $1,600,537 in gains that Saad received as a result of
conduct alleged in the Complaint and prejudgment interest thereon of $304,510, and shall pay a
civil penalty in the amount of $150,000 pursuant to Section 20(d) of the Securities Act [15
U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 77u(d)].  Saad shall
satisfy this obligation by making payments to the Clerk of this Court in the following manner:

(A)      Saad shall pay $750,000 within ten business days of the entry of this Final
Judgment.

(B)      Beginning ninety days from the entry of this Final Judgment, Saad shall pay the
remaining $1,305,047 plus post-judgment interest of $95,491 pursuant to 28

U.S.C. § 1961 in ten equal quarterly installments of $140,053.80 .  The first quarterly installment payment shall be paid ninety days from the entry of this Final Judgment and each succeeding payment shall be paid ninety days from the date on which the immediately preceding payment was due.

(C)     In the event that Saad defaults on any of the payments required by this paragraph, at any time thereafter the Commission, in its sole discretion, may declare the outstanding balance due and payable within ten days.  On the date of such declaration, Saad shall consent to the entry of a Default Judgment noting her default and ordering the payment of the then outstanding balance and post-judgment interest thereon, plus costs and reasonable attorney's fees incurred in entering and collecting the Default Judgment.

(D)     Saad may prepay the outstanding balance at any time without penalty, and if such prepayment is made post-judgment interest owed will be calculated accordingly.

Each of the foregoing payments shall be accompanied by a cover letter identifying Saad as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  Saad shall simultaneously transmit photocopies of such payments and letters to the Commission's counsel in this action, David Stoelting, U.S. Securities and Exchange Commission, Northeast Regional Office, 3 World Financial Center, New York, New York 10281.  The cover letters also shall contain the investigation name (*In The Matter of IMPATH Inc.*) and the case number assigned by the Commission staff (NY-7207).  By making these payments, Saad relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Saad.

7

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS"). These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held by the CRIS until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Saad shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action (as defined below) based on Saad's payment of disgorgement in this action, argue that she is entitled to, nor shall she further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Saad's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Saad shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this

8

Final Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Saad by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Saad is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## IX.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the provisions of the annexed Consent are incorporated in this Final Judgment with the same force and effect as if fully set forth herein, and that Saad shall comply with all of the undertakings and agreements set forth therein.

## X.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for all purposes, including, but not limited to, implementing and enforcing the terms and conditions of this Final Judgment.

## XI.

There being no just reason for delay, the Clerk of this Court is hereby directed to enter this Final Judgment forthwith and without further notice pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

## CONSENT OF DEFENDANT ANURADHA D. SAAD

1.      Defendant Anuradha D. Saad ("Saad"), being fully apprised of her rights, having had the opportunity to confer with legal counsel and having read and understood the terms of the annexed Final Consent Judgment As To Defendant Anuradha D. Saad ("Final Judgment"), acknowledges having been served with a summons and the complaint, enters a general appearance and admits to the jurisdiction of this Court over her and over the subject matter of this action.

2.      Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which Saad admits), Saad hereby consents to the entry of the Final Judgment, which, among other things:

> (a)    permanently restrains and enjoins Saad from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] and Sections 10(b) and 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b) and 78m(b)(5)] and Exchange Act Rules 10b-5, 13a-14, 13b2-1 and 13b2-2 [17 C.F.R. §§ 240.10b-5, 240.13a-14, 240.13b2-1 and 240.13b2-2]; and from controlling any person who violates Sections 13(a), 13(b)(2) and 14(a) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2), 78n(a)] and Rules 12b-20, 13a-1, 13a-13, 14a-3 and 14a-9 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-13, 240.14a-3 and 240.14a-9];

> (b)    prohibits Saad from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act

11

[15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)];

(c)     orders Saad to pay disgorgement in the amount of $1,600,537, plus prejudgment interest thereon in the amount of $304,510; and

(d)     orders Saad to pay a civil penalty in the amount of $150,000 under Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 77u(d)].

3.      Saad agrees that this Consent Of Defendant Anuradha D. Saad ("Consent") shall be incorporated by reference in and made part of the Final Judgment to be presented to the Court for signature, filing and entry contemporaneously herewith.

4.      Saad waives any right she may have to a jury trial and to appeal from the Final Judgment.

5.      Saad acknowledges that a violation of any of the terms of the Final Judgment may place her in contempt of this Court and subject her to civil or criminal sanctions.

6.      Saad acknowledges that she enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements have been made by the Commission or any member, officer, employee, agent or representative of the Commission to induce Saad to enter into this consent.

7.      Saad acknowledges that she has been informed and understands that the Commission, at its sole and exclusive discretion, may refer, or grant access to, this matter or any information or evidence gathered in connection therewith or derived therefrom, to any person or entity having appropriate administrative, civil, or criminal jurisdiction, if the Commission has not already done so.

12

8.       Saad acknowledges that, in conformity with the provisions of 17 C.F.R. §

202.5(f), this Consent resolves only the claims asserted against Saad in this civil proceeding.

Saad acknowledges and agrees that her Consent to the entry of the Final Judgment is for the

purposes of resolving this civil action only, and that no tender, offer, promise, threat or

representation of any kind has been made by the Commission or any member, officer, attorney,

agent or representative thereof with regard to any criminal liability arising from the facts

underlying this action or immunity from any such criminal liability.  Saad waives any claim of

Double Jeopardy based upon the settlement of this proceeding, including the imposition of any

remedy or civil penalty herein.

9.       Saad acknowledges that the Court's entry of a permanent injunction may have

collateral consequences under federal or state law and the rules and regulations of self-regulatory

organizations, licensing boards, and other regulatory organizations.  Such collateral

consequences include, but are not limited to, a statutory disqualification with respect to

membership or participation in, or association with a member of, a self-regulatory organization.

This statutory disqualification has consequences that are separate from any sanction imposed in

an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission

based on the entry of the injunction in this action, Saad understands that she shall not be

permitted to contest the factual allegations of the Complaint in this action.

10.      Saad understands and agrees to comply with the Commission's "policy not to

permit a defendant or respondent to consent to a judgment or order that imposes a sanction while

denying the allegation in the Complaint or order for proceedings," 17 C.F.R. § 202.5.  In

compliance with this policy, Saad agrees:  (a) not to take any action or to make or permit to be

made any public statement denying, directly or indirectly, any allegation in the Complaint or

13

creating the impression that the Complaint is without factual basis; and (b) that upon the filing of this Consent, Saad hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If Saad breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this provision affects defendant Saad's: (a) testimonial obligations; or (b) right to take legal or factual positions in defense of litigation or other legal proceedings in which the Commission is not a party.

11.     Saad agrees that this Court shall retain jurisdiction of this matter for purposes of implementing and enforcing the terms and conditions of the Final Judgment and for all other purposes.

12.     Saad hereby consents and agrees that the annexed Final Judgment may be presented by the Commission to the Court for signature and entry without further notice or delay.

13.     Saad will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

14.     Saad waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to defendant Saad of its terms and conditions. Saad agrees to execute and provide to the Commission a written declaration pursuant to 28 U.S.C. § 1746 acknowledging her receipt of the Final Judgment no later than ten (10) business days after a copy of the Final Judgment has been forwarded to defendant Saad's counsel, Peter A. Chavkin, Mintz Levin Cohn Ferris Glovsky & Popeo, 666 Third Avenue, New York, NY 10017.

14

action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Saad by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

18.     Saad agrees that she shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amount that Saad pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Saad further agrees that she shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Saad pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

Dated:     ~~May~~ JUNE 6, 2006

_____
Anuradha D. Saad

On this 6th day of JUNE, 2006, before me personally appeared Anuradha D. Saad to me known to be the person who executed the foregoing Consent of Defendant Anuradha D. Saad.

_____
Notary Public

State of CALIFORNIA
Commission No. 1399506
My commission expires on 2-9-07.

16

Approved as to form:

$PerrCl$

Peter A. Chavkin
Mintz Levin Cohn Ferris Glovsky and Popeo, P.C.
Chrysler Center
666 Third Avenue
New York, NY 10017
(212) 692-6231
Attorney for Defendant Anuradha D. Saad

**SO ORDERED:**

New York, New York
_____7/28, 2006

UNITED STATES DISTRICT JUDGE

17